IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 18 C 2081 |
| DYNAMIC AIR SOLUTIONS, LLC, an Illinois limited liability company, | ) ) ) ) | JUDGE JOHN J. THARP, JR. |
| Defendant. | ) | |

**AGREED MOTION FOR ENTRY OF JUDGMENT**

NOW COME Plaintiffs, SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, by their attorneys, and move the Court for the entry of an agreed judgment in accordance with the terms of the Settlement Agreement entered into between the parties and filed with this Court on July 13, 2018. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Sheet Metal Workers Local 265 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with SMART Local 265, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On July 13, 2018, a Notice of Dismissal incorporating the Settlement Agreement and Promissory Note was filed with this Court (a copy of the Notice of Dismissal and Settlement Agreement and Promissory Note attached thereto is attached as Exhibit 1).

3. On July 16, 2018, this Court dismissed this cause of action pursuant to the parties' Notice of Dismissal (a copy of the Court's Notification of Docket Entry dated July 16, 2018 is attached as Exhibit 2).

4. Defendant agreed that it owed the total amount of $12,813.00 for contributions, $1,281.30 for liquidated damages, and $1,916.75 for attorneys' fees and costs, for the contribution months of August 2017 through November 2017, as described in Paragraphs 3 and 4 of the Settlement Agreement.

5. Plaintiffs agreed to reduce the liquidated damages due from Defendant by one-half to $651.29. Accordingly, the parties agreed Defendant would pay Plaintiffs $15,381.04 over a period of 15 months pursuant to the Promissory Note attached to the Settlement Agreement.

6. Defendant also agreed to remain current with respect to the submission of monthly contribution reports and the payment of fringe benefit contributions due throughout the period of the payment schedule.

7. Paragraph 7 of the Settlement Agreement further provides that if Defendant fails to timely submit the payments set forth in the Promissory Note or fails to submit current reports and contributions as they become due during the payment schedule, Defendant would be considered in default of the Settlement Agreement. The Plaintiffs would be entitled to file a motion with the court to reinstate the case for the limited purpose of entering judgment against Defendant and Kipp Sobieski for all unpaid installments including $651.29 for the waived liquidated damages and the

Plaintiffs' attorneys' fees and costs incurred as a result of filing suit, pursuing a motion for default judgment and enforcement of the Settlement Agreement.

8. In the event of Defendant's breach of the terms of the Settlement Agreement and Promissory Note, Plaintiffs' counsel would notify Defendant's counsel, in writing, of the breach and if within five (5) business days Defendant has not cured the breach, the Plaintiffs would be entitled to move the Court to enforce the Settlement Agreement and request that judgment be entered against Defendant and Kipp Sobieski for the balance due on the Promissory Note and any additional costs and reasonable attorneys' fees that become due and owing during the term of the Promissory Note.

9. On February 1, 2019, Plaintiffs filed their Motion to Reopen Case for the Limited Purpose of Enforcing the Terms of the Settlement Agreement and Entering Judgment Against Defendant and Kipp Sobieski.

10. On August 13, 2019, Defendant submitted its 13th and 14th installments but has not submitted the $651.29 in liquidated damages that were reinstated on account of Defendant's defaults under the terms of the settlement agreement and the Plaintiff Funds' attorneys' fees and costs incurred from the period of July 10, 2018 through August 14, 2019.

11. On December 19, 2019, this Court denied as moot Plaintiffs' motion to reopen case and enter judgment against Defendant and Kipp Sobieski and allowed Plaintiffs to submit and notice for presentment an updated motion.

12. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of judgment against the Defendant and Kipp Sobieski. Specifically, Plaintiffs request:

    A. That judgment be entered in favor of Plaintiffs and against Defendant, Dynamic Air Solutions, LLC, and Kipp Sobieski, to include the amount of $651.29, being the

amount of liquidated damages that was previously waived by Plaintiffs pursuant to the Settlement Agreement and Promissory Note.

B. That judgment be entered in favor of Plaintiffs and against Defendant to include $3,035.75 in attorneys' fees incurred by the Plaintiffs in this litigation.

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: 312/216-2577
Facsimile: 312/236-0241
E-Mail: cscanlon@baumsigman.com

I:\265J\Dynamic Air\motion for entry of judgment.cms.df.wpd

# CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that on or before the hour of <u>4:00 p.m.</u>, this <u>17th</u> day of <u>January 2020</u>, she electronically filed the foregoing document (Agreed Motion for Entry of Judgment) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Mr. Joshua D. Holleb
> Klein, Paull, Holleb & Jacobs, Ltd.
> 660 LaSalle Place, Suite 100
> Highland Park, IL   60035-3575
> **jdh@labor-law.com**

                             /s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: 312/216-2577
Facsimile: 312/236-0241
E-Mail: cscanlon@baumsigman.com

I:\265J\Dynamic Air\motion for entry of judgment.cms.df.wpd